IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| LAWRENCE A. SILVER, ) | |
| Plaintiff ) | |
| v. ) | Civil Action No. JFM-01-0277 |
| EQUIFAX CREDIT INFORMATION ) SERVICES, INC. and FLAGSHIP ) CREDIT CORPORATION, ) | |
| Defendants. ) | |

MEMORANDUM

Plaintiff Lawrence A. Silver has brought this defamation action against Defendants Equifax Credit Information Services, Inc. and Flagship Credit Corporation. Equifax and Flagship assert a qualified privilege under § 1681h(e) of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. Both Defendants have moved for summary judgment based on this privilege. Equifax has also moved to compel Plaintiff to respond to its Interrogatories and Request for Production of Documents and to reopen discovery for the limited purpose of taking Plaintiff's deposition. Defendants' motion for summary judgment will be granted and Equifax's discovery-related motion will be dismissed as moot.

I.

On March 9, 1996, Silver borrowed $12,857.75 from Flagship in order to purchase a 1996 Hyundai Accent from Fox Hyundai Lincoln Mercury, which is located in Baltimore

1

County, Maryland. See Retail Installment Sales Contract, Flagship Ex. A. Silver defaulted on this loan and Flagship repossessed the vehicle on July 21, 1997. Flagship employed Greenwood Towing and Driveaway Service Inc. to repossess the vehicle and store it until it was sold at auction. The parties dispute where the vehicle was stored until it was sold. Flagship, citing two invoices it received from Greenwood, claims that the vehicle was stored at 4444 Old Solomons Island Road, Harwood, Maryland, which is located in Anne Arundel County. See Flagship Exs. C, D. Silver, citing a letter he received from Greenwood dated July 21, 1997 and a Greenwood Warehousing Job Ticket, contends that Greenwood stored the vehicle at 1370 West North Avenue, Baltimore, Maryland, which is located in Baltimore City. See Silver Ex. 1, 8. James Hamm, Flagship's Recovery Group Manager at the time, states that the documents Silver relies on were not "in the file for plaintiff's account" and that to the best of his knowledge, "no employee or agent of Flagship ever saw these documents before they were submitted as exhibits . . . ." Hamm Aff. at ¶ 2.

On April 21, 1998, Flagship sent Silver a Disposition of Sale Proceeds/Deficiency Balance Notice. This document notified Silver that he still owed Flagship $10,821.21 after the sale of the vehicle. See Flagship Ex. F. On June 26, 2000, Silver received a letter informing him that his account with Flagship had been sold to Pasadena Receivables, Inc. See Silver Ex. 7. On October 3, 2000, Silver received a letter from Flagship in response to his telephone call to them. Flagship confirmed that Silver's account had been sold to another company. It also stated that Silver's vehicle had been "stored at 4406 Solomons Island Road Harwood MD 20776 located in Anne Arundel County." Silver Ex. 6.

Presumably sometime prior to June 4, 1999, Flagship reported to Equifax the debt that

Silver owed to it, which Equifax included on Silver's credit report. On June 4, 1999, Silver allegedly wrote a letter to Equifax regarding Flagship's reporting of his debt related to the vehicle.[1] This letter informed Equifax that it was Silver's belief that he had been absolved of his debt to Flagship by Md. Code Ann., Com. Law II § 12-626 because Flagship had failed to comply with Md. Code Ann., Com. Law II § 12-625(a), which required Flagship to store the vehicle in the county where the vehicle was purchased (Baltimore County) or the county where it was repossessed (Anne Arundel County) for 15 days after repossessing it.

Silver's complaint states that Flagship published this information in April 2000 and that Equifax included and then reinserted the information in his credit report after temporarily removing it. Compl. at ¶¶ 3, 10. There are three Equifax credit reports on Silver in the record. The first and second ones are dated September 26, 2000 and December 28, 2000. They list Silver owing Flagship $8,966. See Silver Ex. 3, 4. The second credit report lists April 2000 as the date this debt was reported. The third credit report is dated March 13, 2001 and it does not list Flagship as reporting a debt owed to it by Silver. See Silver Ex. 5. Maynard Bryant, Supervisor in Equifax's Office of Consumer Affairs, states that he reviewed Equifax's records and that "no [information] reported by Flagship was reinserted into Plaintiff's Equifax credit file after being previously removed." Bryant Supp. Aff. at ¶ 3.

II.

Flagship and Equifax have a qualified privilege under § 1681(h)(e) of the Fair Credit

---

[1] The letter that Silver attaches to his brief is unsigned. It also references a $14,000 debt, but otherwise gives details that indicate that it is referring to the same series of events that are involved in this case.

3

Reporting Act against Silver's defamation action.[2] Section 1681(h)(e) provides that "no consumer may bring any action or proceeding in the nature of defamation . . . against any consumer reporting agency . . . or any person who furnishes information to a consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer." Even assuming that Silver's vehicle was stored in Baltimore City in violation of Md. Code Ann., Com. Law II § 12-625, absolving Silver of his obligation to Flagship and making the information Flagship provided to Equifax false, Flagship and Equifax still are immune from Silver's defamation suit because the false information was not furnished with malice or willful intent to injure.

There is nothing in the record to suggest that Flagship or Equifax acted maliciously toward, or wilfully intended to injure, Silver. "[A] statement is deemed to have been made with malice when the speaker either knew it was false or acted in reckless disregard of its truth or falsity. Reckless disregard . . . requires evidence that the speaker entertained actual doubt about the truth of the statement." Wiggins v. Equifax Servs., Inc., 848 F. Supp. 213, 223 (D.D.C. 1993) (citations omitted). Silver argues that because both Equifax and Flagship were aware of the dispute regarding where the vehicle was stored and knew that Silver would not be liable for the deficiency balance if Silver was correct about the location, both defendants acted with malice. However, this knowledge by Flagship and Equifax alone, which is far from conclusively established by the present record, does not mean that either defendant "entertained actual doubt

---

[2]Silver's opposition brief implies that he has brought an action under the Fair Credit Reporting Act rather than a defamation action. However, Silver's complaint does mention the Act.

4

about the truth" of the credit information they reported. Id. In fact, Silver has offered no evidence to support the proposition that Flagship or Equifax ever doubted the truth of the information they reported. For this reason, summary judgment will be granted.

A separate order effecting the rulings made in this memorandum is being entered herewith.

February 7, 2002
Date

J. Frederick Motz
United States District Judge